IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Billy McGill, <br><br>　　　　　　Plaintiff, <br><br> vs. <br><br>Crown Cork & Seal Co., Inc., <br><br>　　　　　　Defendant. | Civil Action No. 7:08-2888-HFF-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

　　　　This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 35] and the plaintiff's partial motion to dismiss two of his claims [Doc. 40]. In his Complaint, the plaintiff alleges discriminatory discipline, retaliation, and hostile work environment, as well as various state law claims for intentional and negligent infliction of emotional distress.

　　　　In its motion, the defendant has moved to dismiss the plaintiff's state law claim for *negligent* infliction of emotional distress. The plaintiff has responded by requesting a voluntary dismissal of that claim and the one for intentional infliction of emotional distress, although *without prejudice*. The defendant does not consent, however, to dismissal of the negligent infliction claim unless it is *with prejudice.*

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **LAW AND ANAYLSIS**

As stated, the plaintiff has filed a motion to dismissm, *without prejudice,* his claims for intentional and negligent infliction of emotional distress. The defendant does not object to dismissal of the plaintiff's intentional infliction of emotional distress claim *without prejudice* but requests that the negligent infliction claim be dismissed *with prejudice* for the plaintiff's failure to substantively respond to the defendant's outstanding motion to dismiss regarding that claim [see Doc. 35].

A motion for voluntary dismissal without prejudice is typically considered under Fed. R. Civ. P. 41(a)(2). But, because Rule 41 provides for the dismissal of actions, rather than claims, it appears that Rule 15, which provides for the amendment of pleadings, is technically the proper vehicle to accomplish a partial dismissal. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir.1988); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517-18 (Fed. Cir.1987); *Iraheta v. United of Omaha Life Ins*. Co., 353 F. Supp. 2d 592, 595 (D. Md. 2005). Regardless of the applicable rule, the Fourth Circuit has agreed that similar standards govern the exercise of discretion under either. *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004); *see also Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (1983).

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given" to amend a Complaint "when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir.2001) (internal quotation marks omitted).

In deciding a Rule 41(a)(2) motion, a court should consider factors such as: (1) the opposing party's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the movant, (3) insufficient explanation of the need for a voluntary dismissal, and (4) the present stage of litigation. *Miller v. Terramite Corp.*, 114 Fed. Appx.

2

536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996)).

Under either rule, the Court would grant the plaintiff's motion. Because the plaintiff has, from the beginning, expressed his intent to do so, it cannot be said that he has delayed in his request to dismiss these claims. The plaintiff specifically indicated in the Rule 26(f) Report [Doc. 30] that he had decided not to pursue claims for either intentional or negligent infliction of emotional distress and that he would move to dismiss them upon securing counsel, *id*. at 10-11. The plaintiff, therefore, did not delay in notifying either the defendant or the Court of his intentions. Bad faith is neither alleged nor evident. And, it cannot be said that the defendant unnecessarily incurred expense in the preparation of its motion to dismiss because it was on timely notice of the reasonable probability that the plaintiff would so move. The plaintiff's reasons for dismissal are not clear, but the Court does not believe that factor is dispositive. It is still relatively early in the case; the plaintiff should be free to frame it in the manner of his choosing; and he has been clear from an early juncture that he would abandon these claims. No serious prejudice accrues to the defendant and any expense realized was incurred at its own peril.

Accordingly, the plaintiff's request should be granted and the claims dismissed *without prejudice*. To the extent the district court adopts this recommendation, the defendant's motion to dismiss the claim for negligent infliction of emotional distress would be rendered moot.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the plaintiff's Motion for Partial Dismissal of Counts VI and VII [Doc. 40] should be GRANTED and the defendant's Motion to Dismiss [Doc. 35] should be MOOTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

September 28, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).